**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KRIS ESTRADA,<br><br>       *Plaintiff*,<br><br>       v.<br><br>AMERICAN UNIVERSITY &<br>BRAD KNIGHT,<br>       *Defendants*. | Civil Action No. 26-cv-00603-ABJ |

**BRAD KNIGHT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF HIS MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

Defendant Brad Knight moves to dismiss the single claim against him—Count III, for intrusion upon seclusion under District of Columbia common law—for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Count III fails first because it is indisputably time-barred under the relevant one-year statute of limitations. *See Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053, 1062 (D.C. 2014) (holding intrusion upon seclusion claims are subject to a one-year statute of limitations). Count III also fails because it does not plausibly allege an intrusion upon seclusion claim under D.C. law. *See Wolf v. Regardie*, 553 A.2d 121317 (D.C.1989) (listing the elements of a claim for intrusion upon seclusion). For those reasons, Mr. Knight respectfully asks that the Complaint against him be dismissed with prejudice.

**FACTUAL BACKGROUND AND ALLEGATIONS**

Brad Knight is an experienced educator who served as the Assistant Dean of Undergraduate Education at American University (AU). Compl. ¶ 42. Plaintiff Kris Estrada is a former AU student who was dismissed from the University after pleading guilty to voyeurism charges. Compl. ¶ 7 &

*Id*. at n.1 (stating "Mr. Estrada was dismissed following an unrelated disciplinary matter regarding misdemeanor voyeurism charges for which Mr. Estrada pled guilty and was sentenced to limited probation."). Plaintiff Estrada alleges that Mr. Knight secretly recorded him in an AU bathroom during a sexual encounter on July 3, 2024.[1] Compl. ¶¶ 69-91. Estrada states that after the encounter on July 3, 2024 "both Dean Knight and Mr. Estrada left the public University restroom" and "Mr. Estrada never heard from Dean Knight again." Compl. ¶¶ 91-92.

Public records from Estrada's criminal case show that Estrada was arrested for voyeurism on August 2, 2024, less than a month after his alleged encounter with Mr. Knight. Exhibit A-1 at 1 (Superior Court records).[2] Estrada pled guilty to five counts of voyeurism on December 18, 2024. Exhibit A-1 at 5; Exhibit A-4; and Exhibit A-5. In his plea agreement, Estrada admitted to secretly recording people in AU bathrooms starting in February 2022 and continuing through July 22, 2024. Exhibit A-2; Exhibit A-3; Exhibit A-6 at 1-2. Remarkably, one of those acts of voyeurism took place on July 3, 2024, the same day Estrada claims that he was secretly recorded by Knight. Exhibit A-3 at 1.

In January 2025, Estrada told an AU investigator that he believed that Mr. Knight had recorded him in a bathroom six months earlier. Compl. ¶ 97. Estrada alleges that he saw Mr. Knight take out his phone during their alleged July 3, 2024 encounter, and then "made brief eye contact with Dean Knight's phone camera." Compl. ¶¶ 88 & 189. AU investigated Estrada's allegations against Mr. Knight over the following months. At the conclusion of the investigation on October

---

[1] While Mr. Knight strenuously denies that and many other allegations in the Complaint, at the motion to dismiss stage he must rely on the allegations in the Complaint.

[2] The Court may consider these materials because they are public records subject to judicial notice on a motion to dismiss. *See Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

21, 2025, AU notified Estrada that that "Dean Knight did not commit any violation of university Policy." Compl. ¶ 143.[3]

Estrada filed his Complaint against AU and Mr. Knight on February 24, 2026, nearly two years after his last interaction with Mr. Knight, and well over a year after Estrada presented the same allegations to AU.

## LEGAL STANDARD

To survive a motion to dismiss filed under Rule 12(b)(6), a complaint must contain sufficient facts, accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Evaluating the plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006). "[T]he Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (citing *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

## ARGUMENT

Plaintiff brings one claim against Mr. Knight (Count III), for the tort of intrusion upon seclusion. That claim should be dismissed with prejudice for two reasons. First, Count III is plainly untimely given the one-year statute of limitations for intrusion upon seclusion claims under D.C.

---

[3] It is worth noting that while the Complaint discusses the Notice of Outcome at length, *see* Compl. ¶¶ 141-150, the Complaint intentionally omits key findings contained in the Notice, like the fact that Estrada could not confirm whether Mr. Knight's phone camera was even on at the time of the alleged encounter.

law. Second, Count III fails to state a claim because Plaintiff Estrada cannot plausibly allege that

Mr. Knight intruded upon him in a place that Estrada treated as private.

I.     **Plaintiff's Intrusion Upon Seclusion Claim is Barred by the Applicable One-Year Statute of Limitations.**

Intrusion upon seclusion claims have a one-year statute of limitations under D.C. law. *Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053, 1062 (D.C. 2014) (holding intrusion upon seclusion claims, like other privacy claims, are "subject to the one-year statute of limitations applicable 'for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment.'") (quoting D.C. Code § 12–301(4)); *accord Argote v. D.C. Metro. Police Dep't*, No. 15-cv-303, 2016 WL 107916, at *3 (D.D.C. Jan. 8, 2016) ("Under D.C. law, an invasion-of-privacy claim is subject to a one-year statute of limitations.").

Count III is based on a single alleged encounter between Plaintiff and Knight on July 3, 2024. Compl. ¶¶ 69-91. In the District of Columbia, statutes of limitation run "from the time the right to maintain the action accrues." D.C. Code § 12-301. Under D.C. law, a tort claim generally accrues when the tort is committed and the alleged injury occurs. *See Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994).

Here, the statute of limitations for Count III began to run on July 3, 2024, at the time of Plaintiff's alleged (and allegedly *only*) encounter with Knight, when Knight supposedly violated Plaintiff's privacy. *See* Compl. ¶¶ 91-92 (stating that after the encounter on July 3, 2024, "Mr. Estrada never heard from Dean Knight again"). Plaintiff filed his Complaint on February 25, 2026, more than a year and half after the alleged encounter with Knight. Count III is unavoidably time-barred given those facts, and it should be dismissed with prejudice. *See Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998) (a claim is properly dismissed on statute of

limitation grounds "when the facts that give rise to the defense are clear from the face of the complaint").

A statute of limitations can sometimes be extended by the discovery rule, but the discovery rule is plainly inapplicable here. Under the discovery rule, a claim "does not accrue until the plaintiff, exercising due diligence, has discovered or reasonably should have discovered all of the essential elements of her possible cause of action, *i.e.*, duty, breach, causation and damages." *Farris v. Compton*, 652 A.2d 49, 54 (D.C. 1994) (quotation marks omitted). The discovery rule exists to protect "a plaintiff who did not know, and could not reasonably have known, of her injury at the time that it occurred, her day in court, provided that she filed suit in timely fashion after she learned or should have learned the facts." *Farris*, 652 A.2d at 55.

The discovery rule cannot extend the statute of limitations here because Plaintiff knew all the facts that form the basis of his claim on July 3, 2024, when the alleged encounter took place. Plaintiff Estrada alleges that he "saw [Knight] take out his phone…either recording him or taking photographs" during their encounter on July 3, 2024. Compl. ¶ 88. And Plaintiff reported that same information to an AU investigator on January 9, 2025. Compl. ¶¶ 95-96. Plaintiff cannot seek to extend the statute of limitations by relying on the discovery rule when, after waiting six months to report his allegations to AU, he then waited over a year more before filing this Complaint.

There is no plausible disagreement about the date when Count III accrued. It accrued on July 3, 2024, when Mr. Knight allegedly intruded on Plaintiff's privacy. Under the relevant one-year statute of limitations, Plaintiff's claim became stale on July 3, 2025, long Plaintiff filed his Complaint. Count III should be dismissed with prejudice given those facts. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 51 (D.D.C. 2008) (explaining dismissal pursuant to Rule12(b)(6) is appropriate

"[i]f 'no reasonable person could disagree on the date' on which the cause of action accrued") (quoting *Smith v. Brown & Williamson Tobacco Corp.*, 3 F.Supp.2d 1473, 1475 (D.D.C.1998)).

## II. Plaintiff's Intrusion Upon Seclusion Claim Should Be Dismissed Because Plaintiff Cannot Plausibly Allege Essential Elements of that Claim.

The tort of intrusion upon seclusion is one of four invasion of privacy torts recognized in the District of Columbia. *Wolf v. Regardie,* 553 A.2d 1213, 1216–17 (D.C.1989). All four invasion of privacy torts involve "'interference with the interest of the individual in leading a secluded and private life." *Greenpeace*, 97 A.3d at 1062 (quotation marks and alterations omitted) (quoting *Wolf,* 553 A.2d at 1217 n. 5); *see also*, Restatement (Second) of Torts § 652A, Comment b (explaining all four invasion of privacy torts "involve[] interference with the interest of the individual in leading, to some reasonable extent, a secluded and private life, free from the prying eyes, ears and publications of others.")

To prevail on an intrusion upon seclusion claim, a plaintiff must demonstrate that the intrusion at issue occurred in a place that the plaintiff believed was private and secluded. *See Danai v. Canal Square Assocs.,* 862 A.2d 395, 400 (D.C. 2004). An intrusion upon seclusion claim fundamentally requires an intrusion into matters that are "entitled to be private and [are] *kept private by the plaintiff*." *Barnhart v. Paisano Publications, LLC*, 457 F. Supp. 2d 590, 593 (D. Md. 2006) (collecting authority) (emphasis added). But Plaintiff Estrada *did not* protect the privacy of AU bathrooms. Instead, he destroyed the privacy of those locations by secretly filming people while they were in bathroom stalls. *See* Ex. A-2 at 1-3. It is implausible that Plaintiff Estrada had a reasonable belief in the seclusion and privacy of AU bathrooms on July 3, 2024 when Estrada was himself regularly making surreptitious recordings in AU bathrooms at that same time.

Moreover, if credited, Estrada's own implausible allegations demonstrate that he knew he was being recorded during his alleged encounter with Mr. Knight, and had no expectation of

6

privacy when he chose to enter the bathroom. Estrada alleges that he went into a bathroom stall because he intended to meet up with Mr. Knight, not to be secluded. Compl. ¶¶ 84-86. And Mr. Estrada alleges that he saw Mr. Knight recording him at the time. *See* Compl. ¶ 189 (alleging Estrada "made brief eye contact with Dean Knight's phone camera" while he was engaged in a sexual act). According to Plaintiff's own allegations, he did not seek privacy in the bathroom, he sought company. Nor does Plaintiff allege that Mr. Knight concealed his phone when he was with Plaintiff Estrada in the bathroom. Instead, Plaintiff alleges that he observed Mr. Knight using his phone openly, and that it was not concealed. *See* Compl. ¶¶ 88 & 189.

Those allegations do not plausibly state a claim for intrusion upon seclusion, and the Complaint should be dismissed for that reason as well. *See Iqbal*, 556 U.S. at 679 (to survive a motion to dismiss a complaint must contain facts stating a claim "that is plausible on its face"); *Hettinga*, 677 F.3d at 476 ("the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint").

## CONCLUSION

The Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) for the reasons set forth above, because Plaintiff's only claim against Defendant Knight is both untimely and implausible.

Respectfully submitted,

/s/ Rebecca S. LeGrand
Rebecca S. LeGrand
LeGrand Law PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
Phone: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Brad Knight*

7