**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KRIS ESTRADA,

*Plaintiff*,

v.

AMERICAN UNIVERSITY &
BRAD KNIGHT,

*Defendants*.

Case No. 26-cv-00603-ABJ

**DEFENDANT BRAD KNIGHT'S REPLY IN SUPPORT OF HIS**
**MOTION TO DISMISS WITH PREJUDICE**

Brad Knight, through counsel, submits the following reply in support of his Motion to Dismiss. Mr. Knight moved to dismiss the single claim against him because it is untimely, and legally flawed. ECF No. 16 (Knight Motion to Dismiss). Plaintiff's Opposition (ECF No. 18) seeks to avoid dismissal by relying on the doctrines of equitable tolling and equitable estoppel. Those doctrines do not apply here for the reasons set forth below. Plaintiff's claim against Mr. Knight is untimely, and it should be dismissed with prejudice.

**ARGUMENT**

Plaintiff's Opposition confirms that Mr. Estrada's claim is untimely absent extraordinary circumstances warranting equitable relief. Pl. Opp. at 7. Plaintiff agrees that his only claim against Mr. Knight (Count III - Intrusion Upon Seclusion) has a one-year statute of limitations. *Id*. Plaintiff similarly agrees that the encounter at issue took place entirely on July 3, 2024 (*id*.), which is well over a year before Mr. Estrada filed his complaint. Plaintiff admits that "under usual circumstances, the statute of limitations would have run" from the time of the alleged encounter, making his claim untimely. *Id*.

Plaintiff argues that his claim should be allowed to proceed despite those agreed parameters because, according to Plaintiff, this case "is replete with 'extraordinary circumstances'" that warrant tolling the statute of limitations. Pl. Opp. at 7. Plaintiff's tolling arguments fail because they are foreclosed by black letter law, and common sense.

## I. THERE ARE NO EXTRAORDINARY CIRCUMSTANCES HERE THAT WARRANT EQUITABLE TOLLING OR EQUITABLE ESTOPPEL.

In the District of Columbia, equitable tolling is only available in "extraordinary and carefully circumscribed instances." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998). The limits on equitable tolling are strictly enforced, and for good reasons. Statutes of limitations reflect a "legislative judgment that . . . the right to be free of stale claims in time comes to prevail over the right to prosecute them." *U.S. v. Kubrick*, 444 U.S. 111, 117 (1979) (citations and quotation marks omitted); *accord Untalasco v. Lockheed Martin Corp.*, 249 F. Supp. 3d 318, 324 (D.D.C. 2017) ("it is well-established that the statute of limitations bars even meritorious claims that have become stale due to the passage of time").

Equitable tolling does not save Plaintiff's claim because none of the "extraordinary and carefully circumscribed instances" that support equitable tolling are present here. "Equitable tolling permits a plaintiff to avoid the bar of the limitations period if despite all due diligence she is unable to obtain vital information *bearing on the existence* of her claim." *Smith-Haynie*, 155 F.3d at 579 (emphasis added). Plaintiff's equitable tolling argument fundamentally fails because it rests on arguments about Plaintiff's inability to obtain information needed to *prove* his claim, not information needed to decide if a claim *exists*.

Plaintiff repeatedly complains that it has been difficult for him to obtain information needed to *prove* his claim. *See* Pl. Opp. at 10 (arguing Plaintiff needs "third party intervention" to obtain "information from Dean Knight's phone" in support of his claim). But that is beside the

point. Almost every plaintiff needs discovery to prove their claims. The need for discovery is a reason to promptly pursue litigation, not an excuse to delay it. The allegations that Plaintiff relies on in support of his claim against Mr. Knight were as apparent on July 3, 2024 as they are today.[1] Plaintiff's equitable tolling argument fails for that reason alone.

Plaintiff cites a handful of cases in an effort to cobble together an argument for equitable tolling, but those cases do not support the extraordinary relief he is seeking.

First, Plaintiff cites *Irwin v. Dep't of Veterans Affs*. for the proposition that equitable tolling is permitted "in situations where the claimant has actively pursued his *judicial* remedies by filing a defective pleading during the statutory period[.]" *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (emphasis added) (quoted in Pl. Opp. at 7). Plaintiff argues that his delay in filing suit should be excused on that basis, because he "was actively pursuing his remedies during the statutory period by engaging in the University's Title IX and non-Title IX processes." Pl. Opp. at 8. But Plaintiff did not pursue any "*judicial* remedies" before the statute of limitations expired, as required by *Irwin*. Universities are not courts, and seeking relief from a university is not the same as pursuing a "judicial remedy." Seeking relief from a private party does not toll the statute of limitations. Plaintiff could have filed suit before, during, or instead of, complaining to AU, but he chose not to. Instead of promptly seeking judicial relief, Plaintiff waited six months to report the alleged encounter to AU (Compl. ¶¶ 94-97), and he waited nearly twenty months before filing this suit. Those facts do not support Plaintiff's assertion that he "zealously pursued all available remedies" (Pl. Opp. at 14).

---

[1] We rely on those allegations here regardless of their accuracy, as we must for purposes of a motion to dismiss.

Plaintiff also cites *Irwin* for the proposition that equitable tolling can apply "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Plaintiff then cites the test for fraudulent concealment discussed in *Int'l Ass'n of Machinists & Aerospace Workers v. N.L.R.B.*, 130 F.3d 1083 (D.C. Cir. 1997). *See* Pl. Opp. at 9. That test states that "fraudulent concealment tolls a statute of limitations when (1) there has been 'deliberate concealment' of (2) 'material facts' relating to the alleged wrongdoing and (3) the wronged party does not know of those facts and could not have discovered them through 'reasonable diligence.'" *Id.* at 1087 (D.C. Cir. 1997) (quoting *Fitzgerald v. Seamans*, 553 F.2d 220, 228 (D.C. Cir. 1977)).

The *Int'l Ass'n of Machinists* decision does not support Plaintiff's equitable tolling argument. In *Int'l Ass'n of Machinists*, the D.C. Circuit reviewed a decision by the National Labor Relations Board rejecting plaintiff's equitable tolling argument. The D.C. Circuit upheld the Board's decision, explaining: "We find no basis to overturn the Board's legal decision that an affirmative act of concealment was necessary . . . Nor do we find any basis on which to overturn the Board's factual determination in applying this rule that there was no such act." *Id.* at 1087

Plaintiff argues that Mr. Knight has "deliberately concealed" facts because Mr. Knight denies Plaintiff's allegations. Pl. Op. at 10. But the *Int'l Ass'n of Machinists* case rejects exactly those kinds of arguments. In that case, the plaintiff argued that equitable tolling should apply because their opponent professed innocence and did not fully cooperate with a related investigation. The Board rejected those arguments, finding "[n]either the company's professions of innocence nor its partial cooperation with the investigation constituted an affirmative act of concealment." *Id.* at 1086. The D.C. Circuit fully affirmed the Board's conclusions. *Id.* at 1087.

Plaintiff cannot invoke equitable tolling by complaining that Mr. Knight has denied Plaintiff's allegations. *See* Pl. Opp. at 10 (arguing Mr. Knight "deliberately concealed" material facts because Mr. Knight has "denied much of Mr. Estrada's allegations"). Statutes of limitations are not tolled every time a defendant denies a plaintiff's allegations. If they were, statutes of limitations would be all but meaningless. But that is not the law, as the *Int'l Ass'n of Machinists* case shows. *Id.* at 1086 (rejecting equitable tolling arguments based on "professions of innocence").

Plaintiff's effort to invoke the doctrine of equitable estoppel is even weaker. Equitable estoppel can toll a statute of limitations when a defendant "takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Smith-Haynie*, 155 F.3d at 580. Equitable estoppel only applies when a defendant takes active steps to mislead the plaintiff about the deadline for filing a claim. *See Id.* at 581 (rejecting plaintiff's equitable estoppel argument where plaintiff did not "claim that anything the defendants did or said misled her as to the effect of the 90–day limitation period on her right to seek judicial relief"). Mr. Knight did not "mislead" Plaintiff about the statute of limitations here. Indeed, as the complaint makes clear, Mr. Knight has not said *anything at all* to the plaintiff since July 3, 2024. Compl. ¶ 92 (after their alleged encounter on July 3, 2024 "Mr. Estrada never heard from Dean Knight again"). Those facts foreclose any reliance on the doctrine of equitable estoppel.

## II. PLAINTIFF'S REMARKABLE REQUEST FOR PRE-TRIAL DISCOVERY UNDERMINES THE ENTIRE PURPOSE OF A MOTION TO DISMISS.

Plaintiff asks that he be allowed to engage in "limited discovery" in an effort to find support for his tolling arguments. Pl. Opp. at 12. But the discovery Plaintiff requests is not "limited," nor is it warranted.

Plaintiff's idea of "limited discovery" is that he be allowed to conduct a "forensic analysis

of Dean Knight's phone, computer, and email" to look for evidence in support of his allegations (*id.* at 13), and to "establish the existence of any other legal claims Mr. Estrada has against Dean Knight" (*id*. at 14). This sort of fishing expedition as to *any other legal claim* far exceeds even what Mr. Knight would be obligated to provide in discovery even if his claim survived a motion to dismiss. *See* Fed. R. Civ. P. 26(b) (discovery must be "relevant to any party's claim or defense and proportional to the needs of the case"). Even as to facts relevant to the claim against Mr. Knight, a forensic search of every electronic trace of his life vastly exceeds Rule 26(b)'s demands of proportionality, reasonableness, and avoidance of undue burden. *See generally A.M. Castle & Co. v. Byrne*, 123 F.Supp.3d 895, 900 (S.D. Tex. 2015) (summarizing advisory committee notes to 2006 revisions to Rule 34 meant to "guard against undue intrusiveness" into electronic devices); *Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, 2022 WL 2191519 at *5-6 (D.N.J. June 17, 2022) (collecting more recent cases).

No discovery at all is warranted here. When a complaint cannot survive a motion to dismiss, the plaintiff "is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). The Supreme Court has emphasized the need for careful gatekeeping at the motion to dismiss stage to ensure that poorly pled complaints do not "unlock the doors of discovery." *Id. at* 678; *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559–60 (2007) (discussing the risk that "discovery expense will push cost-conscious defendants to settle even anemic cases"). Granting Plaintiff's request for sweeping discovery so that he can search for support for his time-barred claim would undermine the rules set forth in *Iqbal* and *Twombly.*

## III. PLAINTIFF'S CLAIM COULD NOT SUCEED EVEN IF IT WERE TIMELY.

Mr. Knight also seeks dismissal of the one claim against him because the tort of intrusion upon seclusion requires the plaintiff to demonstrate that the intrusion at issue occurred in a place that the plaintiff believed was private and secluded. *See Danai v. Canal Square Assocs.*, 862 A.2d

395, 400 (D.C. 2004). As set forth in Mr. Knight's motion to dismiss, Plaintiff Estrada cannot establish that element of the tort, because he did not seek seclusion he went to an AU bathroom for the purpose of meeting up with Mr. Knight. ECF No. 16-1 at 6-7 (citing Compl. ¶¶ 84-86). Mr. Estrada's admitted criminal acts of voyeurism during the same time period lend further support to that conclusion. Mr. Estrada apparently captured images of approximately 100 victims at AU over 50 days. *See*, The Eagle, "Kris Estrada gets suspended sentence, three years' probation for voyeurism" (Feb. 20, 2025) (explaining "AU Police Department Detective Joseph Barnes recovered voyeuristic images from over 50 separate days and of around 100 victims on Estrada's confiscated phone").[2] And the encounter alleged here took place *on the same day* that Mr. Estrada admits he secretly recorded someone "who was totally or partially undressed or changing clothes." Mot. to Dismiss Ex. A-3 at 1 (ECF No. 16-2 at 17) (Information Count 2); *Id.* Ex. A-4 (ECF No. 16-2 at 20) (admitting guilt to Counts 1-5).

Plaintiff cannot maintain a claim for intrusion upon seclusion when his own allegations show that he voluntarily met with Mr. Knight in a bathroom, and he does not allege that Mr. Knight "concealed" his phone during their encounter, particularly given Plaintiff's own admitted act of criminal voyeurism on the very same day and many others as well.

## CONCLUSION

Mr. Knight's motion to dismiss should be granted for the reasons set forth above and in his opening memorandum. Plaintiff's claim for intrusion upon seclusion is both untimely and unfounded. Mr. Knight respectfully asks that Plaintiff's claim be dismissed with prejudice to avoid further expense and delay.

---

[2] Available at https://www.theeagleonline.com/article/2025/02/kris-estrada-gets-suspended-sentence-three-years-probation-for-voyeurism (last visited April 30, 2026).

Respectfully submitted:

/s/ Rebecca S. LeGrand
Rebecca S. LeGrand
LEGRAND LAW PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
Phone: (202) 587-5725
rebecca@legrandpllc.com
*Counsel for Brad Knight*